IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2034-D

| | |
|---|---|
| LARRY ANTHONY EVERETTE, a/k/a )<br>LARRY ANTHONY EVERETT )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ROBERT C. LEWIS, Director of )<br>Prisons, N.C. Department of Correction, )<br>)<br>Respondent. ) | **ORDER** |

Larry Anthony Everette ("petitioner" or "Everette"), a/k/a Larry Anthony Everett, a state inmate proceeding pro se, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On July 30, 2010, Robert C. Lewis ("respondent") filed a motion to dismiss the complaint as untimely [D.E. 8], and the court notified Everette of his right to respond [D.E. 10]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On August 9, 2010, Everette filed a motion "to permit additional time for certificate to the United States Supreme Court" [D.E. 11]. On November 22, 2010, Everette responded in opposition to the motion to dismiss [D.E. 12]. On January 18, 2011, Everette filed a motion to amend his petition [D.E. 13], to which respondent filed a response in opposition [D.E. 14]. As explained below, the court grants respondent's motion to dismiss and denies petitioner's motions.

I.

On April 1, 1988, in Cumberland County Superior Court, a jury convicted Everette of three counts of first-degree rape and three counts of first-degree sexual offense. Pet. ¶¶ 2, 5, 6; State v. Everett, 328 N.C. 72, 73, 399 S.E.2d 305, 305 (1991). The court sentenced Everette to five concurrent life terms plus one consecutive life term of imprisonment. Pet. ¶ 3; Everett, 328 N.C. at

73, 399 S.E.2d at 305. The victim was Everette's three-year-old stepdaughter. Everett, 328 N.C. at 76, 399 S.E.2d at 306. A divided panel of the North Carolina Court of Appeals reversed Everette's convictions on four counts, finding the state's evidence insufficient to send those counts to the jury. State v. Everett, 98 N.C. App. 23, 33–34, 390 S.E.2d 160, 165 (1990). The State appealed, and on January 10, 1991, the North Carolina Supreme Court reversed the Court of Appeals and affirmed the convictions. Everett, 328 N.C. at 77, 399 S.E.2d at 307. On February 4, 1991, the North Carolina Court of Appeals remanded the case to Cumberland County Superior Court to reinstate the original judgment. State v. Everett, No. 8912SC816 (N.C. Ct. App. Feb. 4, 1991).

On May 31, 1991, Everette filed a pro se habeas petition in this court which was voluntarily dismissed on June 14, 1991. Everett v. McDade, No. 5:91-HC-344-F, [D.E. 1, 4] (E.D.N.C. June 14, 1991). On October 15, 1991, Everette again filed a pro se habeas petition in this court which was dismissed without prejudice on December 23, 1991. Everett v. McDade, No. 5:91-HC-674-H (E.D.N.C. Dec. 23, 1991). Everette then filed a motion for appropriate relief ("MAR") in Cumberland County Superior Court, which that court summarily dismissed on June 8, 1992. Mem. Supp. Mot. Dismiss, Ex. 7 (June 8, 1992 order). On September 20, 1993, Everette filed a second MAR in Cumberland County Superior Court, which that court summarily dismissed on November 17, 1993. Id., Ex. 9 (Mar. 3, 2006 order noting previous summary dismissal). On September 7, 2005, Everette filed a third MAR in Cumberland County Superior Court, which that court summarily dismissed on March 3, 2006. Id. Everette appealed, and on May 8, 2006, the North Carolina Court of Appeals denied certiorari. Id., Ex. 12.

On March 4, 2010, Everette filed this habeas petition. Everette alleges: (1) the trial court erred by admitting the first pediatrician's testimony; (2) there was insufficient evidence to support

2

his convictions; and (3) the child victim was incompetent to testify.[1] See Pet. ¶ 12. In his motion to amend, Everette seeks to add a claim challenging the sufficiency of the indictment as "fail[ing] to state an essential and necessary element of the offense of which the petitioner has been convicted." Proposed Am. Pet. ¶ 3.

II.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, or bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss filed in a section 2254 proceeding "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true.'" Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quoting Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009)). As part of a Rule

---

[1] Although Everette titled this claim "the competence of the victim to testify," in elaborating on the claim, he challenges the decision of the trial court to allow testimony from Everette's "daughter . . . as to similar acts performed on her some three years prior." Pet. 9.

3

12(b)(6) motion, a court also may consider a challenge based on the one-year statute of limitations. In ruling on a motion to dismiss, the court may consider the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Walker, 589 F.3d at 139.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file any petition for a writ of habeas corpus within one year. See 28 U.S.C. § 2244(d)(1). Respondent contends that the petition should be dismissed because the one-year statute of limitations has run. Respondent notes that "none of petitioner's state post-conviction motions or petitions served to toll his one-year period of limitation," and therefore Everette's petition "is almost 13 years out-of-time." Mem. Supp. Mot. Dismiss 6.

If a prisoner's conviction became final before the AEDPA's effective date, the one-year statute of limitations runs from April 24, 1996, which is the AEDPA's effective date. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The limitation period under section 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Lee, 186 F.3d 557, 560 & n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is "pending" from initial filing in the state courts until final disposition in the state courts. Taylor, 186 F.3d at 561. The statutory period then resumes after the state court of appeals denies a petitioner's certiorari petition, see Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000), or after the petitioner "unreasonably delays in filing [a certiorari] petition." N.C. R. App. P. 21(e); McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006); see Evans v. Chavis, 546 U.S. 189, 201 (2006) (interpreting similar provision of California law).

4

Here, Everette's conviction became final no later than April 10, 1991, 90 days after the North Carolina Supreme Court affirmed his conviction. See, e.g., Clay v. United States, 537 U.S. 522, 527 (2003). Although Everette was denied state collateral relief in 1993, he failed to seek appellate review of this decision. Thus, Everette's one-year period of limitations began to run on April 24, 1996, see Brown, 150 F.3d at 375, and expired one year later on April 24, 1997.[2]

Everette filed his federal habeas petition on March 1, 2010, but "pray[s] that this court will not hold the one-year ... statute of limitation[s] against him." Resp. Mot. Dismiss 19. Specifically, Everette seeks equitable tolling based on several contentions raised in both his petition and in opposition to the motion to dismiss.

The AEDPA's one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 in those "rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

---

[2] Alternatively, the court agrees with respondent that "even if all of [p]etitioner's state post-conviction motions and petitions tolled [the limitation period] until the North Carolina Court of Appeals denied certiorari on May 8, 2006 ... [p]etitioner would still be almost four years out-of-time." Mem. Supp. Mot. Dismiss 10 n.1.

5

First, Everette contends that his attorney did not "inform [him] of [his] appeal rights .... to the federal court." Pet. ¶ 18. Everette also notes that he "was a layman of law" and "was confused" when "the Attorney General requested the Supreme Court to reinstate [his] conviction back to the lower court judgment." Id.; see also Mem. Opp'n Mot. Dismiss 2.

Because "there is no right to counsel in pursuing a habeas petition, [Coleman v. Thompson, 501 U.S. 722, 752 (1991),] there is no right to be advised by counsel, appointed for the purpose of a criminal proceeding, to pursue a collateral attack." Smith v. Johnson, No. 2:10cv81, 2010 WL 3063144, at *1 (E.D. Va. Aug. 3, 2010), appeal dismissed, No. 10-7170, 2010 WL 5376298 (4th Cir. Dec. 21, 2010) (per curiam) (unpublished). Furthermore, unfamiliarity with the legal process, lack of representation, or even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam). Moreover, Everette fails to explain any circumstances which could justify confusion running unabated for approximately twenty years, particularly in light of his prior section 2254 petitions and MARs.

Next, Everette asserts that the court should overlook the limitations period because the claims in his petition have merit. Mem. Opp'n Mot. Dismiss 2. However, "the merits of the underlying claim are not part of the equitable tolling analysis." Rouse v. Lee, 339 F.3d 238, 253 n.17 (4th Cir. 2003) (en banc). Accordingly, Everette has failed to satisfy the "extraordinary circumstances" necessary for equitable tolling.

Because Everette's petition is time-barred and equitable tolling does not apply, the court denies his motion to amend as futile. As for Everette's motion "to permit additional time for certificate to the United State[s] Supreme Court," seeking an "additional (60) days" because Everette "does not have access to a law library[,]" Mot. Extension 1, Everette had 90 days from the

date the North Carolina Supreme Court affirmed his conviction to file a petition for a writ of certiorari. Assuming Everette seeks to reopen the time to further appeal his criminal conviction, he must apply to "a Justice [of the United States Supreme Court, who] may extend the time to file a petition for a writ of certiorari for a period not exceeding 60 days." Sup. Ct. R. 13.5. Thus, this court lacks the authority to grant the motion. Furthermore, an applicant must demonstrate "good cause" and "[a]n application to extend the time to file a petition for a writ of certiorari is not favored." Sup. Ct. R. 13.5. Everette has not shown good cause for such an extension. See, e.g., Kleem v. INS, 479 U.S. 1308, 1308 (1986) (Scalia, Circuit Justice) (holding applicant's "desire for additional time to research constitutional issues" did not meet "good cause" standard).

III.

As explained above, the court DENIES petitioner's motion "to permit additional time for certificate to the United States Supreme Court" [D.E. 11] and motion to amend [D.E. 13]. The court GRANTS respondent's motion to dismiss [D.E. 8]. Petitioner's application for habeas-corpus relief is DISMISSED as time-barred. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 17 day of February 2011.

JAMES C. DEVER III
United States District Judge

7

Case 5:10-hc-02034-D  Document 15  Filed 02/17/11  Page 7 of 7